O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHADALE L. WILLIAMS, | NO. CV 14-5394-TJH (MAN) |
| Petitioner, | ORDER: DISMISSING PETITION WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| (CDCR) CHIEFS J.D. LOZANO, et al., | |
| Respondents. | |

On July 11, 2014, Petitioner, a California prisoner, filed a 28 U.S.C. § 2254 habeas petition (Petition"). The Petition alleges that various federal constitutional violations occurred in connection with: a disciplinary conviction Petitioner sustained following the issuance of a December 4, 2011 Rules Violation Report that charged Petitioner with the murder of his cellmate; and Petitioner's subsequent efforts, during 2012-2014, to pursue his administrative grievance remedies.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 summary dismissal is required here, because it plainly appears that the

Petition is unexhausted.[1]

## DISCUSSION

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims *before* those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999) (emphasis added); *see also* Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See* Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995); Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*). A state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court. *See* Baldwin, 541 U.S. at 29, 124 S. Ct. at 1349 (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

---

[1] The Court may raise exhaustion problems *sua sponte*. Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992).

Although Petitioner apparently has pursued various administrative grievance procedures in connection with his disciplinary conviction,[2] he does not allege that he has sought any relief in the California courts in connection with his present federal constitutional claims. The Court has reviewed the dockets for the California Supreme Court and the California Court of Appeal, which are available electronically,[3] and takes judicial notice of their contents pursuant to Rule 201 of the Federal Rules of Evidence. A search of those dockets shows that Petitioner has not filed *any* proceeding: in the California Supreme Court since December 15, 2009, when he filed a habeas petition that was denied on February 18, 2010 (Case No. S178764); and in the California Court of Appeal since November 16, 2006, when he filed a habeas petition that was denied on November 21, 2006 (Case No. B194952). Those two state habeas petitions plainly did not exhaust Petitioner's present claims, which attack his 2012 disciplinary conviction and subsequent administrative grievance efforts, given that both petitions substantially predated the events now at issue.

Accordingly, the instant Petition is unexhausted, because Petitioner did not present his claims to the California Supreme Court before he sought federal habeas relief. Because the Petition is fully unexhausted, it must be dismissed without prejudice. Rose, 455 U.S. at 522, 102 S. Ct. at 1205.[4]

---

[2]   Exhibit A to the Petition indicates that Petitioner was found guilty of the charged offense on January 4, 2012.

[3]   *See* http://appellatecases.courtinfo.ca.gov.

[4]   Under prevailing law, a fully unexhausted federal habeas petition may not be stayed and must be dismissed. *See, e.g.,* Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing: "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); Jones v. McDaniel, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines* stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted"); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (a district court is "'obliged to dismiss immediately'" a petition that contains no exhausted claims) (citation omitted).

For the foregoing reasons, it is plain from the face of the Petition that summary dismissal of the Petition is required, because it is unexhausted. Accordingly, IT IS ORDERED that: the Petition is dismissed, without prejudice, for failure to exhaust available state remedies; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

DATED: July 21, 2014

_____
TERRY J. HATTER, JR.
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE